**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SILVIA PEREZ-ANAYA, | No.   19-73172 |
| Petitioner, | Agency No. A206-501-329 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2022**
San Francisco, California

Before:  BEA, CHRISTEN, and BRESS, Circuit Judges.

Silvia Perez-Anaya, a citizen of Mexico, seeks review of a Board of

Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge

(IJ) order denying her applications for withholding of removal, cancellation of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). In light of the Court's previous order dispensing with oral argument, Dkt. No. 32, the joint motion to submit the case on the briefs, Dkt. No. 33, is denied as moot.

removal, and relief under the Convention Against Torture (CAT). We review for substantial evidence and may grant relief only if the facts compel a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). When the BIA adopts the decision of the IJ as its final decision, we consider the IJ's decision as well. *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part and dismiss in part.

1.      Substantial evidence supports the denial of withholding of removal. "To qualify for withholding of removal, an alien must demonstrate that it is more likely than not that he would be subject to persecution on one of the specified protected grounds." *Pagayon v. Holder*, 675 F.3d 1182, 1190 (9th Cir. 2011) (internal quotation marks and alteration omitted); *see* 8 U.S.C. § 1231(b)(3)(A). Perez-Anaya claims membership in two particular social groups: (1) her family, and (2) immediate relatives of Mexican government officials.

Assuming, as the IJ did, that these groups are cognizable, substantial evidence supports the agency's determination that Perez-Anaya did not show she would be persecuted because of her membership in these groups. Perez-Anaya testified to criminal incidents involving her brothers in Mexico, but "random" criminal acts "do not amount to persecution." *Gormley v. Ashcroft*, 364 F.3d 1172, 1180 (9th Cir. 2004). In addition, Perez-Anaya was never personally threatened or harmed when she lived in Mexico, and some of her family members continue to live in Mexico

unharmed. "The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution." *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021). Thus, substantial evidence supports the denial of withholding of removal.

2. Substantial evidence also supports the denial of CAT relief. Perez-Anaya has not demonstrated that "she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). While Perez-Anaya points to the experiences of her brothers in Mexico, she does not explain how those experiences compel the conclusion that she would be tortured if returned to Mexico.

3. Cancellation of removal is available for non-citizens who meet certain criteria if "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(1)(D). But we lack jurisdiction over challenges to the IJ's "subjective, discretionary determination that a petitioner did not demonstrate exceptional and extremely unusual hardship," and can only review claims presenting a "colorable" legal issue. *De Mercado v. Mukasey*, 566 F.3d 810, 815–16 (9th Cir. 2009) (internal quotation marks and alteration omitted).

To the extent Perez-Anaya asks us to reevaluate the IJ's hardship

determination based on her husband's health condition, we lack jurisdiction to consider that argument. And Perez-Anaya does not point to any error of law in the agency's decision.

**PETITION DENIED IN PART AND DISMISSED IN PART.**